**Original filed 9/28/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL BROWN | ) | No. C 04-0347 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANTS' MOTION |
| | ) | FOR SUMMARY JUDGMENT |
| vs. | ) | |
| | ) | |
| M. McGARVEY; R. HILLIARD | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | (Docket No. 30) |

Plaintiff, a state prisoner proceeding pro se, filed the instant civil rights action
under 42 U.S.C. § 1983 alleging a violation of his Fourth, Sixth, and Eighth Amendment
rights under the Due Process Clause of the Fourteenth Amendment.  The Court found that
Plaintiff's allegations stated cognizable claims under § 1983 and ordered service of the
amended complaint on the Defendants.  Defendants now move for summary judgment on
the ground that there are no material facts in dispute and that they are entitled to judgment
as a matter of law on all claims.  Plaintiff has filed an opposition to the motion,
Defendants have filed a reply, and Plaintiff has filed a response to Defendants' reply.
After reviewing the briefs, the Court concludes that Defendants are entitled to judgment

as a matter of law and will GRANT Defendants' motion.

## BACKGROUND

Plaintiff alleges that on May 21, 2003, Defendant Sergeant R. Hilliard and other officers placed Plaintiff in a staging area while they went to search Plaintiff's cell. Defendants were conducting an investigation of a citizen complaint of unwanted contact from an inmate. After conducting an initial search, officers determined that Plaintiff may have provided the address of the complaining citizen, and that his cell should be searched to see if Plaintiff had the address in his paperwork. Defs.' Motn., Decl. of M. McGarvey at 2. Defendant Hilliard returned with a clear plastic bag filled with Plaintiff's legal materials along with letters, photos and writing materials. When Plaintiff asked why they confiscated his legal mail and writing materials, Defendant Hilliard responded that his supervisor ordered him to do so. Amended Complaint at 2. Plaintiff told Defendant Hilliard that he should have been present when they went through his legal material. Because of the quantity of paperwork confiscated from Plaintiff's cell, it was not possible to search Plaintiff's property in his presence, and it was subsequently searched by Defendant McGarvey in his own office. Decl. of M. McGarvey at 2. Plaintiff was provided a cell search receipt for the items taken. Am. Compl. at 2.

The next day, May 22, 2003, Plaintiff's property was returned to him in its entirety by Defendant Hilliard. No evidence was found in Plaintiff's property, and Plaintiff was notified of this fact. Decl. of M. McGarvey at 2. Plaintiff then filed a prison administrative appeal alleging that Defendants and other officers deprived him of his constitutional rights. Id. at Ex. A (Inmate Appeal Form, Informal Response, San Quentin State Prison First Level Response, San Quentin State Prison Second Level Review, Director's Level Appeal Decision.)

Plaintiff claims that the action of Defendant Hilliard and the other officers were unprovoked and negligent in total disregard of Plaintiff's constitutional rights. Plaintiff further contends that Defendant McGarvey's actions in ordering the officers to confiscate Plaintiff's legal work was an abuse of his authority and showed gross negligence,

1  deliberate indifference and disregard, and contributed to the violation of Plaintiff's

2  constitutional rights.  Am. Compl. at 3.

3      In his response to Defendants' reply, Plaintiff alleges additional information not

4  set forth in his amended complaint.  Plaintiff states that Defendants deprived him of his

5  legal and personal property in retaliation against him for filing a tort claim against one of

6  the Defendants.  However, Plaintiff fails to allege: (1) when this alleged tort claim was

7  filed, (2) any facts as to how the action against Plaintiff was retaliatory in nature, or (3)

8  the names of any persons against whom the alleged retaliatory complaint was filed.  See

9  Plaintiff's Reply to Defendants' Reply.

10      Plaintiff seeks monetary damages for emotional and mental injuries, as well as a

11  injunctive relief prohibiting Defendants from harassing, threatening, punishing, retaliating

12  against, or transferring Plaintiff.  In addition, Plaintiff requests that references and records

13  of this complaint be removed from his file.  Am. Compl. at 4.

**DISCUSSION**

14  A.    Motion For Summary Judgment

15     **1.    Standard of Review**

16

17      Summary judgment is proper where the pleadings, discovery and affidavits

18  demonstrate that there is "no genuine issue as to any material fact and that the moving

19  party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c).  Material facts are

20  those which may affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477

21  U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient

22  evidence for a reasonable jury to return a verdict for the nonmoving party.  Id.

23      The party moving for summary judgment bears the initial burden of identifying

24  those portions of the pleadings, discovery and affidavits which demonstrate the absence

25  of a genuine issue of material fact.  Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986).

26  Where the moving party will have the burden of proof on an issue at trial, it must

27  affirmatively demonstrate that no reasonable trier of fact could find other than for the

28  moving party.  But on an issue for which the opposing party will have the burden of proof

1   at trial, as is the case here, the moving party need only point out "that there is an absence

2   of evidence to support the nonmoving party's case." Id. at 325.

3       Once the moving party meets its initial burden, the nonmoving party must go

4   beyond the pleadings and, by its' own affidavits or discovery, "set forth specific facts

5   showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The court is only

6   concerned with disputes over material facts and "factual disputes that are irrelevant or

7   unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

8   (1986).  It is not the task of the court to scour the record in search of a genuine issue of

9   triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party

10  has the burden of identifying, with reasonable particularity, the evidence that precludes

11  summary judgment. Id.  If the nonmoving party fails to make this showing, "the moving

12  party is entitled to judgment as a matter of law." Celotex Corp v. Catrett, 477 U.S. at

13  323.

14      **2.    Plaintiff's Claims**

15          a. *Deprivation of Plaintiff's Personal Property for One Day Does Not
            Support a Cognizable Fourteenth Amendment Due Process Claim*

16      Plaintiff alleges that Defendants' actions of taking his legal work for one day and

17  for opening his legal documents outside his presence violated his Fourteenth Amendment

18  rights.  Defendants contend that they are entitled to summary judgment because Plaintiff

19  cannot show that a one-day confiscation of his mail and legal paperwork establishes a due

20  process violation.

21      To establish a claim for relief under section 1983, Plaintiff must make two separate

22  showings.  First, he must show that Defendant was acting under color of state law.

23  Second, he must show that Defendant deprived him of rights guaranteed by the United

24  States Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th

25  Cir. 1986), cert. denied, 479 U.S. 1054 (1987) (citations omitted.)  The Supreme Court

26  has held that the due process rights of a convicted prisoner are generally limited to (1)

27  freedom from restraint which "exceed(s) the sentence in such an unexpected manner as to

28

1  give rise to protection by the Due Process Clause of its own force," or (2) those liberty
2  interests created by state law or regulation. <u>Sandin v. Connor</u>, 515 U.S. 472, 484 (1995).
3  <u>Sandin</u> held that a prisoner is entitled to procedural due process only if the restraint on his
4  liberty of which he complains imposes "atypical and significant hardship on the inmate in
5  relation to the ordinary incidents of prison life." <u>Id.</u> at 484. Therefore if the threshold test
6  is not met, no liberty interest is implicated. <u>Jones v. Moran</u>, 900 F. Supp. 1267, 1273-74
7  (N.D. Cal. 1995).

8  In order for Plaintiff to show an atypical and significant hardship, he must set forth
9  facts demonstrating that the incident complained of was a major and significantly
10  abnormal disruption to his normal prison environment. <u>Jones</u>, 900 F. Supp. at 1274. If
11  Plaintiff cannot demonstrate that either the Due Process Clause itself or a state law or
12  regulation has afforded him a protected liberty interest, he is not entitled to the procedural
13  protections set forth in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), a case in which
14  inmates challenged the revocation of their good time credits without adequate procedures.
15  <u>Sandin</u>, 515 U.S. at 487.

16  In this case, Plaintiff's cell was searched and various legal documents and other
17  paperwork were confiscated pursuant to an investigation by Defendants. Because of the
18  volume of the papers, and other concerns, officers determined it was not possible to
19  search Plaintiff's property in his presence. Decl. of Sgt. McGarvey at 2. Plaintiff's
20  property was returned in its entirety the next day, and Plaintiff was informed that the
21  search proved negative for the items that were being sought. Plaintiff admitted that all of
22  his property was returned, and he signed a receipt for its return. <u>Id.</u>

23  The Court concludes that a one-day deprivation of Plaintiff's property, which was
24  returned in its entirety, does not amount to an atypical and significant hardship in relation
25  to the ordinary incidents of prison life, in lieu of specific facts to the contrary. California
26  law states that inmates do not have the right to possess personal property in their cells.
27  <u>See</u> Title 15, Cal. Code Regs., §3192. "An inmate's right to inherit, own, sell or convey
28  real and/or personal property does not include the right to possess such property within

1  the institutions/facilities of the department." Id.  The facts here do not support the claim

2  that Plaintiff was deprived of a protected interest which requires due process protection.

3  Plaintiff's conclusory allegations in his reply, that Defendants deprived him of his legal

4  and personal property in retaliation against him for filing a tort claim against one of the

5  Defendants, was not set forth in the amended complaint and is not verified under penalty

6  of perjury.  Because no liberty interest is implicated, Plaintiff does not have a valid due

7  process claim.  Jones v. Moran, 900 F. Supp. at 1274.

8  　　　　　　*b. California Law Provides an Adequate Post-Deprivation Remedy for*
   *Plaintiff*

9  　　　　Assuming arguendo that the one-day taking of Plaintiff's personal property in the

10  context of an investigation somehow did violate Plaintiff's rights, Plaintiff has an

11  adequate remedy through a state tort action.  The availability of an adequate state post-

12  deprivation remedy, e.g. state tort action, precludes relief because it provides sufficient

13  procedural due process.  See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state

14  cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory

15  provision for post-deprivation hearing or common law tort remedy for erroneous

16  deprivation satisfies due process); King v. Massarweh, 782 F.2d 825, 826 (9th Cir 1986)

17  (a Section 1983 cause of action does not exist for a random, unauthorized deprivation of

18  liberty or property where adequate post-deprivation procedures are available under state

19  law).  California law provides such an adequate post-deprivation remedy.  Barnett v.

20  Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§810-895).  In

21  addition, the Fourth Amendment does not protect a prisoner against the seizure,

22  destruction or conversion of his property. See Taylor v. Knapp, 871 F.2d 803, 806 (9th

23  Cir.), cert. denied, 493 U.S. 868 (1989).

24  　　　　Plaintiff filed a first-level administrative appeal to the Investigative Services Unit

25  at San Quentin, a second-level review to the Warden at San Quentin, and a Director's-

26  Level Appeal Decision, all of which have been reviewed and denied.  Decl. of M.

27  McGarvey, Ex. A.  Plaintiff has been afforded sufficient due process by the state of

28

1  California by having his complaint heard at three different levels, all of which were

2  decided against him.  Plaintiff may file a state tort claim against the Defendants.  Thus,

3  Plaintiff has been afforded adequate post-deprivation remedies under California law, and

4  has not been denied procedural due process.

5                            *c.* <u>The Investigation Conducted by Prison Officials Was Not an</u>
6                                 <u>"Established State Procedure," but An Immediate Response to a Citizen</u>
                                  <u>Complaint</u>

7         If the deprivation is not random and unauthorized, but the result of "established

8  state procedure," the availability of a post-termination tort action does not necessarily

9  provide due process.  <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. at 435-37 (failure on part

10 of state commission to hold hearing within statutory time limits not permitted to terminate

11 timely filed claim).  Due process is violated where a deprivation is predictable and pre-

12 deprivation process possible, but state officials, acting under apparent authority of state

13 procedures, provide no pre-deprivation procedure and are specifically charged with the

14 authority to effect the deprivation complained of.  <u>Zimmerman v. City of Oakland</u>, 255

15 F.3d 734, 739.

16        In this case, the one-day taking and search of Plaintiff's mail resulted from a

17 random and unforeseeable citizen complaint.  The investigation and search into the

18 contents of Plaintiff's property occurred because the citizen complained of unwanted

19 contact by an inmate.  Plaintiff was identified as possibly having supplied the citizen's

20 address only after the officers began their investigation.  Because the facts show that the

21 one-day taking of Plaintiff's property was not undertaken pursuant to an established state

22 procedure, but instead resulted from an investigation conducted immediately upon receipt

23 of a citizen complaint, state remedies are adequate.

24                        *d.* <u>There Is No Recovery for Emotional Distress Damages Without Physical</u>
25                          <u>Injury</u>

26        Additionally, Plaintiff seeks damages for emotional and mental distress as a result

27 of having his legal mail and paperwork taken away for one day.  Am. Compl. at 4.  Under

   42 U.S.C. § 1997e(e), prisoners must demonstrate some physical injury prior to any

28 recovery for any mental or emotional injury suffered while in custody.  This section states

1   that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or

2   other correctional facility, for mental or emotional injury suffered while in custody

3   without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  Failure to allege and

4   establish an appropriate physical injury is ground for dismissal, see Zehner v. Trigg, 952

5   F. Supp. 1318, 1321-35 (S.D. Ind.) (dismissing action for damages because no plaintiff

6   developed physical injury by exposure to asbestos while in prison), aff'd, 133 F.3d 459

7   (7th Cir. 1997).

8          Plaintiff does not allege that he suffered any physical injury as a result of

9   Defendants' actions.  Accordingly, he cannot recover for mental and emotional injuries.[1]

10                                        **CONCLUSION**

11         The Court concludes that Plaintiff has failed to set forth a cognizable constitutional

12  violation under 42 U.S.C. § 1983.  California law provides Plaintiff an adequate post-

13  deprivation remedy and therefore provides all the process due.  In addition, Plaintiff has

14  suffered no physical injury and thus has no basis for emotional distress damages.

15  Accordingly, Defendants' motion for summary judgment (Docket no. 30) is GRANTED

16  in favor of all Defendants.[2]  The Clerk shall terminate all pending motions and close the

17  file.

18         IT IS SO ORDERED.

19  DATED: _____9/26/06_____                   /s/jeremy fogel_____
                                                    JEREMY FOGEL
20                                                  United States District Judge

21

22

23  _____

24     [1] Based upon the Court's conclusion that Plaintiff fails to allege a cognizable due process
    violation, the Court declines to address Defendants' final argument concerning Defendants'
25  qualified immunity.

26     [2] Although the Court did not recognize a separate claim for negligence cause of action in its
    Order of Service, to the extent that Plaintiff alleges a claim of negligence under state law, the
27  Court declines to exercise supplemental jurisdiction under §1367 based upon the dismissal of the
    § 1983 claim.
28

1   A copy of this ruling was mailed to the following:

2

3   Michael Brown
    T-70229
    CSP-Solano
4   P.O. Box 4000
    Vacaville, CA 95696

5

6   Timothy J. McDonough
    Deputy Attorney General
    Dept. of Justice, Office of the Attorney General
7   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28